UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **ELLWOOD CITY FORGE COMPANY, ELLWOOD QUALITY STEELS COMPANY, ELLWOOD NATIONAL STEEL COMPANY, AND A. FINKL & SONS,**<br><br>Plaintiffs,<br><br>v.<br><br>**UNITED STATES,**<br><br>Defendant. | **Before: Timothy M. Reif, Judge**<br><br>**Court No. 23-00191** |

**JUDGMENT**

This case concerns a challenge by Ellwood City Forge Company, Ellwood Quality Steels Company, Ellwood National Steel Company and A. Finkl & Sons (collectively, "plaintiffs") to certain aspects of the final results of the U.S. Department of Commerce ("Commerce") in its administrative review of the antidumping duty ("AD") order on forged steel fluid end blocks ("FEBs") from Italy for the period of review ("POR") July 23, 2020, through December 31, 2021. F*orged Steel Fluid End Blocks from Italy: Final Results of the Antidumping Duty Administrative Review; 2020–2021* ("Final Results"), 88 Fed. Reg. 55,010 (Dep't of Commerce Aug. 14, 2023), PR 157, and accompanying Issues and Decision Memorandum ("IDM") (Dep't of Commerce Aug. 3, 2023), PR 153.

Specifically, plaintiffs challenged Commerce's selection of financial data used to calculate constructed value ("CV") profit and selling, general and administrative ("SG&A") expenses, as well as Commerce's valuation of a major input that Lucchini

Mamé Forge S.p.A. ("Lucchini"), the mandatory respondent, purchased from an affiliated supplier. *See* Compl. ¶¶ 55-62, ECF No. 8; Mem. of Law in Supp. Pls.' Rule 56.2 Mot. for J. on the Agency R. ("Pls. Br.") at 12-17, ECF No. 18.

On April 28, 2026, the Court sustained in part and remanded in part Commerce's Final Results. *See Ellwood City Forge Co. v. United States*, 50 CIT __, __, 834 F. Supp. 3d 1304, 1322 (2026). The Court concluded that Commerce had not supported adequately its determination that Cogne and Ciscato, two producers whose financial statements Commerce used to calculate Lucchini's CV profit, produced merchandise identical to the subject FEBs. *Id*. at 1316. The Court concluded further that Commerce had not adequately explained its selection of the market-price benchmark used in the major-input analysis. *Id*. at 1319. Accordingly, the Court remanded these issues to Commerce for further explanation or reconsideration. *Id*. at 1322.

On July 27, 2026, Commerce filed its remand results with the Court. *See* Final Results of Redetermination Pursuant to Court Remand, ECF No. 49-1 ("Remand Results"). On remand, Commerce reversed both determinations. Commerce excluded Cogne and Ciscato from its CV profit calculation. Remand Results at 3-4. Commerce also used Company A's U.S. purchases of ingots as the market-price benchmark for its major-input analysis and rejected Lucchini's February 2023 adjustment information as untimely new factual information. *Id*. at 5-7. Commerce released its draft remand results to interested parties on June 17, 2026, and no party submitted comments. *Id*. at 7.

This case having been submitted for decision, and there being no remaining issues to adjudicate; now, after due deliberation it is hereby

**ORDERED** that the Remand Results are **SUSTAINED.**

**SO ORDERED.**

/s/ Timothy M. Reif
Judge

Dated: October 2, 2026
New York, New York